## HUFFER v EVANS TRADING CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2678. Decided June 29, 1936

August W. Weber, Columbus, for plaintiff and appellee.

J. A. Shearer, Columbus, for defendant and appellant.

## OPINION

By BODEY, J.

The defendant below according to its notice prosecutes appeal upon questions of law and fact. However, as will appear from further reference to the case, it will be seen that the action is not ▆▆▆▆ of a chancery character and that, therefore, the only questions which may now be considered by this court on review are those of law. It is that review which corresponds to the former proceedings in error.

This action originated in the Municipal Court of the City of Columbus, Franklin County. Default judgment was rendered against the defendant. Appeal was prosecuted to the Court of Common Pleas. In his petition in this latter court plaintiff alleged that the defendant, a corporation, on or about June 1, 1932, employed him to use his automobiles in its service, that plaintiff accepted the employment, used his automobiles for defendant's benefit for about eleven months thereafter and traveled a distance of 10,000 miles. Plaintiff further alleged that no agreement was had concerning the price to be paid for this

service, that the reasonable value thereof was 6c per mile, making a total of $600.00 due from defendant, for which amount plaintiff prayed judgment. The defendant filed an answer admitting its corporate capacity but denying the other allegations of the petition. The answer was amended during trial by the insertion of an affirmative allegation to the effect that if there was any agreement on the part of defendant to pay for the services performed by the plaintiff, said plaintiff had been fully compensated therefor. In his reply to this answer the plaintiff denied the plea of payment. Trial was had to a jury on the issues raised by these pleadings. A verdict in the full amount claimed was returned. A motion for new trial was filed and overruled. Judgment was entered on the verdict. This is the final order which is challenged by this appeal on questions of law.

No testimony was offered by the defendant. The record before us contains the testimony and evidence of the plaintiff and his witnesses. It appears from the testimony of William Elberfeld, the present secretary, treasurer and general manager of the defendant, who was called for cross-examination under the statute, that one Alfred G. Elberfeld, who deceased February 20, 1935, was at all times agent and general manager of the defendant corporation. No objection was interposed to this testimony. Counsel now claim that such proof of the agency of an individual for a corporation is incompetent, that the records and minutes of the corporation are the best evidence and that they should have been produced. It is well known that a corporation speaks through its Board of Directors and through its records. The action of its Board in designating agents may best be shown by the ▆▆▆▆ minutes. Yet, we know of no reason why the oral testimony of an officer of a corporation concerning its employees and agents and their authority and duties should not be accepted as evidence when no objection at all is entered at the time of the reception of such testimony. The jury was warranted in concluding that Alfred G. Elberfeld was general manager and agent of the defendant at the time the plaintiff was employed and during the time that he continued in his employment.

The plaintiff testified that his employment with the defendant was negotiated through the said Alfred Elberfeld. Counsel for defendant objected to this testimony and contended to the trial court that plaintiff should not be permitted to testify to

conversations had with said Alfred G. Elberfeld, it being claimed that this case is one plainly within the reason and spirit of §11495, GC. The trial court overruled the objection and error is assigned on this ruling. Neither Elberfeld in his lifetime, nor his executor or administrator since his death, has been a party to this litigation. Plaintiff's action was and is against a corporation. His contract of employment, if such he had, was made with the general manager and agent of the corporation, who has since deceased. The corporation was an entity. It lived on after the death of its general manager. It was the real party in interest. The precise question was before the Court of Appeals of the Fourth District in the case of **The Vulcan Corporation v Hanzel, 37 Oh Ap, 75** (8 Abs 442). We are in accord with the conclusion reached by the court in that case and with the syllabus which reads as follows:

"Plaintiff suing for services rendered corporation held competent witness, although officer employing plaintiff to perform services died after claimed transaction took place. (§11495, GC)."

Counsel further claim that the verdict of the jury is against the manifest weight of the evidence and is not supported by any evidence. It is our conclusion that a reading of this record discloses that there is evidence which will support the verdict. There is evidence upon which reasonable minds might differ. We do not say that a verdict in favor of the defendant could not have been returned by the jury. The questions presented were for the jury alone and this court can not interfere with the verdict which may be supported by evidence. To do so would be to invade the province of the jury. The jury system is inviolate and no court should substitute its judgment for that of the deliberate action of the jury unless but one conclusion could be reached from the evidence and that conclusion be one at variance with the verdict returned.

We have examined all of the errors assigned by defendant. We find no errors in the admission of evidence nor do we find error in the court's charge to the jury. The motion for new trial was properly overruled. The verdict is not contrary to law nor do we find that the verdict was rendered under the influence of passion or prejudice. We find no errors apparent on the face of the record.

Counsel for plaintiff contends that the trial court erroneously fixed the date from which interest on this judgment should be calculated. No error in this particular is assigned by defendant. There being no appeal perfected on the part of the plaintiff and the defendant not complaining, the court can not pass upon this claim.

The judgment of the trial court is affirmed with exceptions to the defendant.

BARNES, PJ, and HORNBECK, J, concur.